FANNIE WINCHELL et al. Defendants in Error, vs. GAIL MAXINE WINCHELL, Plaintiff in Error.

*Opinion filed June 18, 1913—Rehearing denied October 15, 1913.*

1. WILLS—*extent to which rule in Shelley's case is abolished in Illinois.* The rule in *Shelley's case* is in force in Illinois in all cases of limitations of a freehold estate to one with remainder to his heirs generally, and confers an estate of inheritance on the ancestor; but the rule has been abolished as to estates tail by section 6 of the Conveyances act, and as to limitations controlled by such section the only use made of the rule is to determine whether, by the common law, a fee tail would have been created.

2. SAME—*effect of section 6 of the Conveyances act.* Under section 6 of the Conveyances act, if the person to whom an estate is limited would, under the common law, have taken an estate tail, such person takes an estate for life only, and the remainder passes in fee simple absolute to the person or persons to whom the remainder is limited.

3. SAME—*word "heirs" will be given the meaning necessary to carry out the testator's intention.* The word "heirs," in its legal sense, means those persons whom the law appoints to take intestate property, but if the word is qualified by the context of the will to show that the testator did not intend the word to have its strictly legal meaning it will be given the construction which will carry out the testator's intention.

4. SAME—*when the word "heirs" will be given the meaning of "heirs of the body."* Where a testator devises land to his daughter "during her lifetime and at her death to go to her heirs, but in case she shall die without issue, then the property above devised to her shall go to my other heirs, share and share alike," the limitation of the remainder to the heirs of the daughter means to the heirs of her body, since it is only in default of such heirs that the remainder is to go to others.

5. SAME—*when daughter takes a life estate under section 6 of the Conveyances act.* A devise of land to the testator's daughter for life "and at her death to go to her heirs, but in case she shall die without issue, then the property above devised to her shall go to my other heirs, share and share alike," creates an estate in fee tail at the common law, which, under section 6 of the Conveyances act, gives the daughter an estate for life with remainder in fee to the heirs of her body, and upon the birth of a child to the daughter the remainder becomes vested, subject to being diminished by the birth of other children.

6. SAME—*words "die without issue" mean "die without having had issue."* Where an executory devise is to take effect in case the testator's daughter "shall die without issue," the birth of a child, in whom the remainder vests under the provisions of the will, renders it impossible for the contingency to occur upon which the executory devise depends, and the latter is therefore void, as the words "die without issue" mean "die without having had issue."

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

WALLACE A. WALKER, for plaintiff in error.

ELTING & HAINLINE, and GEORGE D. TUNNICLIFF, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

John B. Standard died in 1889, leaving a last will and testament, which was admitted to probate, by which he devised many tracts of land to his sons and daughters, severally. The fourth paragraph of the will was as follows:

*"Fourth*—To my daughter, Fannie Standard, I give, devise and bequeath the north-west quarter of section twenty (20), in township four (4), north, and range one (1), west, in McDonough county, Illinois, valued at $8000, to have to hold the same during her lifetime and at her death to go to her heirs; but in case she shall die without issue, then the property above devised to her shall go to my other heirs, share and share alike."

Fannie Standard was afterward married to Volney W. Winchell, and there was born to them one daughter, named Gail Maxine Winchell. Fannie Winchell filed her bill in the circuit court of McDonough county to the January term, 1911, against her daughter, Gail Maxine Winchell, and her brother, John Standard, and afterward filed an amended bill to the May term, 1911. The amended bill alleged that the defendant Gail Maxine Winchell was five years of age and

claimed that by virtue of the will she was the owner in fee of the premises subject to the life estate of the complainant, and that the defendant John Standard, one of the heirs-at-law of the testator, claimed that he had a conditional estate by virtue of the limitation to the heirs of the testator in default of issue of the complainant. The prayer of the bill was that the complainant's title should be quieted and the claims of the defendants be removed as clouds upon the same. John Standard was defaulted. Wallace A. Walker, a solicitor of the court, was appointed guardian *ad litem* for the infant defendant, Gail Maxine Winchell, and answered for her. The chancellor construed the devise as vesting a fee simple title in the complainant, and found that no other person or persons had any interest in or title to the premises, in remainder, reversion or otherwise. The fee simple title was decreed to be in the complainant, and the executory devise in default of issue was ordered canceled and removed from the record as a cloud upon her title. The decree was *pro confesso* as to the defendant John Standard. The guardian *ad litem* sued out a writ of error from this court to obtain a review of the decree.

It is said by counsel that the opinion of the chancellor was that the devise came within the rule in *Shelley's case* and therefore vested a fee simple in the complainant, and that upon the birth of Gail Maxine Winchell the limitation over to the heirs of the testator was defeated, and counsel contend that each of those conclusions was correct. The rule stated in *Shelley's case* was, that "where the ancestor takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs, either in fee or in tail, *the heirs* are words of limitation of the estate and not words of purchase." That rule is in force in this State in all cases of limitations of a freehold estate to one with remainder to his heirs generally, and confers the inheritance on the ancestor; but it has been abolished as to estates tail by the sixth section of the Con-

veyance act. As to limitations controlled by that section, the only use made of the rule is for the purpose of determining whether by the common law a fee tail would have been created. If it would, the person who would have been seized in fee tail is seized for her or his natural life, only, and the remainder passes in fee simple absolute to the person or persons to whom the remainder is limited. The testator in this case, in devising the property, devised to the complainant an estate of freehold and limited the remainder to her heirs, with the further limitation that in case she should die without issue the property should go to his other heirs. The word "heirs," in its legal sense, means those persons whom the law appoints to take intestate estate, and unless the word is qualified by the context it has always been given that meaning. In ordinary use, however, it is frequently given a different or limited meaning, and as the purpose of construing a will is to find the intention of the testator, whenever it is apparent from reading a will that the testator did not use the word in its strict legal meaning it will be given such meaning as will carry out his intention. (*Gannon* v. *Peterson,* 193 Ill. 372.) The manifest intention of the testator expressed in this will was to give the fee after the life estate to the heirs of the body of the devisee, because the limitation over to other heirs was to take effect in default of issue, which means heirs of the body, unless there are explanatory words showing that the term was used in a restricted sense. He could not have intended to limit a remainder to the heirs general of the complainant and then take it from them in default of a particular class of heirs. His intention was to limit the remainder to the heirs of the body of the complainant, since it was only in default of such heirs that the remainder was to go to others. Such a limitation would at the common law have given the complainant a fee tail. Language identical in meaning with that used in this will has been held to limit a remainder to heirs of the body and to create an

estate tail by the rule in *Shelley's case.* (*Curtis* v. *Long-streth*, 44 Pa. 297; *Reimer* v. *Reimer*, 192 Pa. St. 571; *Dengel* v. *Brown*, 1 App. Cas. [D. C.] 423; *Tolman* v. *Score*, 57 L. T. [N. S.] 40.) In Pennsylvania what would have been an estate tail at the common law is converted into a fee simple by the act of April 27, 1855, (*Carroll* v. *Burns*, 108 Pa. 386,) and it was held that the estates in the cases cited would have been estates tail at common law but had been so converted into fees. As the complainant at common law would have taken a fee tail, she has, by virtue of section 6 of the Conveyance act, an estate for her natural life, only, with remainder in fee simple absolute to the heirs of her body. While that remainder was contingent until the birth of Gail Maxine Winchell, it vested in her at her birth, subject to be diminished by the birth of other heirs of the body of the complainant, who may be let in successively at birth. *Voris* v. *Sloan,* 68 Ill. 588; *Butler* v. *Huestis*, 68 id. 594; *Frazer* v. *Board of Supervisors of Peoria County*, 74 id. 282; *Welliver* v. *Jones*, 166 id. 80; *Lehndorf* v. *Cope*, 122 id. 317.

The fee simple title in remainder having vested in Gail Maxine Winchell at her birth it could only be divested by a valid executory devise. (*Smith* v. *Kimbell*, 153 Ill. 368; *Strain* v. *Sweeny*, 163 id. 603.) The executory devise was to take effect in case the complainant should die without issue, and those words are construed to mean, not to die without surviving issue, but to die without having had issue. (*King* v. *King*, 215 Ill. 100; *Stafford* v. *Read*, 244 id. 138; *Kendall* v. *Taylor*, 245 id. 617; *Voris* v. *Sloan*, *supra*.) The contingency upon which the executory devise was to take effect can never occur, and the limitation to other heirs of the testator is void.

The decree is reversed and the cause remanded, with directions to enter a decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*