(No. 12158.—Reversed and remanded.)
JOHN T. LEWIN *et al.* Defendants·in Error, *vs.* CORA M.
BELL *et al.* Plaintiffs in Error.

*Opinion filed October 21, 1918.*

1. WILLS—*when devisees take a life estate under section 6 of the Conveyances act.* Under section 6 of the Conveyances act a devise of certain lots to the testator's five named children, "share and share alike, and to the legal heirs of their bodies, respectively," passes a life estate to the first devisees with remainder in fee to their children, the remainder being vested as to such devisees who have children and contingent as to those who have none.

2. SAME—*how contingent remainder may be destroyed.* Where there is an estate for life with a contingent remainder, a conveyance which unites the life estate and the reversion before the happening of the contingency upon which the remainder is to vest destroys the remainder.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

A. L. GRANGER, for plaintiffs in· error.

GOWER & HOBBIE, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Robert Lewin was the owner of thirty-four lots in the city of Kankakee. In the third clause of his will he named his five children, John T. Lewin, Cora M. Bell, Mary J. Keller, Fenton Lewin and Ella M. Baker, and by the fourteenth clause he devised the lots as follows: "All the rest, residue and remainder of my property, of every kind and description, not herein bequeathed or devised, and all that may at any time revert under the provisions of my will, I give, devise and bequeath to my five (5) children above named, share and share alike, and to the legal heirs of their bodies, respectively, provided that my son Fenton Lewin shall not

come into the control of any of the property bequeathed or devised to him under this will until he shall reach the age of twenty-two years." Robert Lewin died on March 18, 1915, and his will was admitted to probate. At the death of Lewin, Cora M. Bell had three children,—Wilber Bell, Mona Bell and Olive E. Bell,—and Mary J. Keller had a son, Oswald Keller, all of whom are still living. John T. Lewin, Fenton Lewin and Ella M. Lewin, who has been divorced from Baker, were without heirs of their bodies and are still childless. Fenton Lewin became twenty-two years of age on April 20, 1917. On August 3, 1917, John T. Lewin and wife, Fenton Lewin and wife and Ella M. Lewin made their warranty deed conveying to W. M. Durham the undivided three-fifths of the lots, reciting that they were without legal heirs of their bodies, respectively, and that it was their intention to convey their respective life estates and interests in the reversion in fee, so that any contingent interest in the heirs of their bodies, respectively, might be destroyed. On August 28, 1917, Durham re-conveyed to John T. Lewin, Ella M. Lewin and Fenton Lewin the undivided three-fifths interest in the premises which had been conveyed to him, and the grantees filed in the circuit court of Kankakee county their bill for partition of the lots, making Cora M. Bell and Mary J. Keller and their children defendants. Cora M. Bell, Mary J. Keller and Olive E. Bell were adults and were defaulted, and a guardian *ad litem* was appointed for the minor defendants, Wilber Bell, Mona Bell and Oswald Keller, and answered for them. The court heard the evidence and entered a decree finding each of the complainants to be the owner in fee of the undivided one-fifth part of the lots, finding Cora M. Bell and Mary J. Keller to be seized of life estates with remainders in fee to their respective children, subject to be diminished by the birth of other heirs of the bodies of the life tenants, and decreeing partition accordingly. The guardian *ad litem* sued out a writ of error from this court to review the decree.

By the common law the five children of Robert Lewin would have been seized in fee tail of the lots devised to them, but by section 6 of the Conveyance act they became seized thereof for their natural lives, only, with remainder in fee simple absolute to the person or persons to whom the estate tail would, on the death of the first devisee, pass, according to the course of the common law, by virtue of the devise. By the statute the effect of the devise was the same as though the testator had in specific terms devised life estates to the five children with remainders in fee to the heirs of their bodies, and this court has always treated such a devise exactly as though it had been so expressed. (*Blair v. Vanblarcum,* 71 Ill. 290; *Cooper v. Cooper,* 76 id. 57; *Kyner v. Boll,* 182 id. 171; *Anderson v. Anderson,* 191 id. 100; *Peterson v. Jackson,* 196 id. 40; *Turner v. Hause,* 199 id. 464; *Dick v. Ricker,* 222 id. 413; *Bowlin v. White,* 244 id. 623.) Whenever there is one in being capable of taking the remainder at the termination of the life estate, the remainder is vested in interest although it must wait the termination of the life estate before it can vest in possession or enjoyment. As soon as a person comes into being of the class to whom the estate will first pass on the death of the life tenant the remainder is vested, but until there is such a person *in esse* and definitely ascertained the remainder is contingent. Therefore the remainder in the interests of Cora M. Bell and Mary J. Keller was vested. (*Voris v. Sloan,* 68 Ill. 588; *Butler v. Huestis,* id. 594; *Frazer v. Board of Supervisors of Peoria County,* 74 id. 282; *Lehndorf v. Cope,* 122 id. 317; *Welliver v. Jones,* 166 id. 80; *Moore v. Reddel,* 259 id. 36.) John T. Lewin, Fenton Lewin and Ella M. Lewin being without heirs of their bodies, the remainder was contingent. (*Winchell v. Winchell,* 259 Ill. 471; *Lachenmyer v. Gehlbach,* 266 id. 11; *Smith v. Chester,* 272 id. 428; *Moore v. Reddel, supra; Bowlin v. White, supra.*) While the remainder is contingent the reversion in fee is in the heirs-at-law of the testator, de-

pendent upon the life tenant dying without having had issue, and in case of default of heirs of the body the estate in remainder will revert to the heirs-at-law. *Dinwiddie* v. *Self,* 145 Ill. 290; *Lewis* v. *Pleasants,* 143 id. 271; *Frazer* v. *Board of Supervisors of Peoria County, supra; Turner* v. *Hause, supra.*

The rule of the common law was that a contingent remainder of a freehold estate which waits for and depends upon the termination of the estate preceding it required a particular estate of freehold to support it, and if the particular estate came to an end before the time for vesting of the remainder the remainder would fail. The law on that subject originated from the rule that the *seisin* or feudal possession must never be without an owner, and if it was not at once parted with it remained in the devisor. That is still the law where the necessity of a preceding particular estate of freehold to support a contingent remainder has not been abolished by statute and the recipient of a benefaction of a testator may thwart his will by merging the life estate in the reversion in fee, by which the life estate comes to an end, and when the one who would be entitled to the remainder comes into being he finds that the interest designed by the testator for him was at the mercy of the life tenant and has been destroyed. The common law is still the law of this State, and where a devise comes within the terms of section 6 of the Conveyance act, the remainder being contingent until the birth of issue, it may be destroyed by the termination of the life estate through a merger with the reversion. *(Bond* v. *Moore,* 236 Ill. 576; *Belding* v. *Parsons,* 258 id. 422; *Barr* v. *Gardner,* 259 id. 256; *Messer* v. *Baldwin,* 262 id. 48; *Smith* v. *Chester, supra.)* The common law, which permitted the destruction of contingent remainders, being unchanged by statute in this State, the only method by which a testator devising such remainders can preserve them and prevent his intention being frustrated and his will defeated is a resort to a trust.

By the will of Robert Lewin, Cora M. Bell and Mary J. Keller each became the owner of a life estate in an undivided one-fifth of the lots, with the remainder to their living children, respectively, subject to be opened to let in any other children who may be born. John T. Lewin, Ella M. Lewin and Fenton Lewin each had a life estate in an undivided one-fifth of the lots, and each had also an undivided one-fifth interest in the reversion in the undivided three-fifths in which contingent interests were devised to unborn children. The other two-fifths interest in the reversion was in Cora M. Bell and Mary J. Keller. By the conveyance to W. M. Durham the life estates of the grantors merged in the reversion in fee of the undivided three-fifths of the lots, and to that extent the contingent remainders to the heirs of the bodies of the grantors were destroyed and Durham became invested with the fee which he afterward conveyed to the complainants. Cora M. Bell and Mary J. Keller are still the owners of a two-fifths interest in the reversion in fee which descended to them. Therefore each of the complainants is the owner of three twenty-fifths of the lots in fee and of a life estate in two twenty-fifths, subject to a contingent remainder to their unborn children. Cora M. Bell and Mary J. Keller each has a life estate in an undivided one-fifth of the lots with a remainder to their respective children, and also a reversion in fee in the three twenty-fifths in case no children should be born to the complainants, respectively.

The court erred in the findings and decree, and the decree is reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with this opinion.

*Reversed and remanded, with directions.*