Rose Scheuing et al., Plaintiffs in Error, v. Albert W. May, Trustee, Defendant in Error.

Gen. No. 23,440.

1. TRUSTS, § 289*—*how trust in personalty may not be terminated.* The distribution of a trust estate in personalty cannot be accelerated by the agreement of the parties *in esse* and the trust created by will thus destroyed.

2. REMAINDERS, § 9*—*when doctrine of acceleration inapplicable.* The doctrine of acceleration of contingent remainders has no application to estates wholly personal.

3. REMAINDERS, § 11*—*how contingent remainder cannot be destroyed.* Where a trust is created in realty, a contingent remainder cannot be destroyed by a conveyance by the life tenant.

4. TRUSTS, § 289*—*when trust in personalty may not be terminated by agreement.* Under a bequest in trust of the income of personalty until the death or marriage of the beneficiary, the object of the trust is not attained until the occurrence of the contingency provided for, and the interests being contingent the trust cannot be terminated by agreement of the parties.

5. INFANTS, § 6*—*when minor not bound by agreement of adult beneficiary attempting to accelerate distribution.* A minor who, if he survived the trust period, would be entitled to share in the distribution of the *corpus* of a trust estate cannot be bound by agreements on the part of the adult beneficiary attempting to accelerate the distribution.

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed January 27, 1919.

FRANCES E. SPOONER, for plaintiffs in error.

WARREN B. WILSON, for defendant in error; CHARLES S. CUTTING, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The bill in this case seeks to terminate the trust created by the third clause of the will of Christina

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Scheuing, deceased. The property at stake is wholly personal. Testatrix, after devising one-sixth of her estate to her daughter, Rose Scheuing, created by the third clause of her will a trust as to the remaining five-sixths of her estate by the following words:

"I give, devise and bequeath unto Lessing Rosenthal * * * in trust, for the following uses and purposes: Said trustee shall acquire, have, hold, manage and control the estate in this section given and bequeathed to him, with full power to convert and reconvert the same, or any part thereof, and shall invest and reinvest the same, in his discretion, and after discharging out of the income derived from the trust estate, from time to time, all proper expenses, said trustee shall pay over the net income derived therefrom to my said daughter, Rose Scheuing, so long as she remains unmarried. Upon the marriage or death of the said Rose Scheuing the principal of said trust estate shall be transferred and paid over to all my then living children and the issue of any deceased child *per stirpes.*"

Rose Scheuing renounced and quitclaimed all her interest in the trust estate to those persons in being who, if distribution could be accelerated in such fashion, would be distributees, and consented to an immediate distribution of the trust estate. All the parties in interest now in life joined in the bill against the defendant trustee in an attempt to force the trustee to make an immediate distribution of the trust estate in accord with the renunciation and agreement of the complainants.

None of the averments of fact in the bill is in dispute; but the trustee insists by his answer that there was created by the will an active trust, that those who may ultimately take the estate at the termination of the trust are uncertain and not now ascertainable and that consequently there can be no decree for distribution at this time. The chancellor held that the trustee had no right to distribute the trust estate in accord with the agreement of the parties *dehors* the will and

dismissed the bill for want of equity, in an attempt to reverse which decree complainants bring this writ of error.

The question presented for our decision is: Can the distribution of the testatrix's estate (all personal) be accelerated by the agreement of the parties *in esse* and the trust created by the will destroyed?

We are of the opinion that the plain intent of the testatrix cannot be foiled by agreement. There is no statute so permitting. Whatever a widow may do by renouncing the provision of her husband's will to defeat it is in no way analogous to the facts of the instant case as contended, because the right to so renounce is conferred expressly by the statute.

The distribution of the residuary estate under the third paragraph of the will is between the persons who shall be the children or the descendants of any deceased child at the death or marriage of testatrix's daughter Rose. While Rose has control of the income during her life, or until her marriage, and may dispose of the same as she sees fit, she cannot accelerate distribution of the *corpus* by an agreement to destroy the trust created by the will.

The doctrine of the acceleration of contingent remainders has no application to estates wholly personal. The application of the doctrine is confined to real estate. Where a trust is created even in real estate, a contingent remainder cannot be destroyed by a conveyance by the life tenant; for as said in *Lewin v. Bell,* 285 Ill. 227: "The common law, which permitted the destruction of contingent remainders, being unchanged by statute in this State, the only method by which a testator devising such remainders can preserve them and prevent his intention being frustrated and his will defeated is a resort to a trust." While the question before us was not involved in the *Bell* case, *supra,* the principle of law there stated as above quoted, being sound, is to be given due weight in any case where applicable.

It is beyond cavil that the object of the trust created by the will has not been attained. Its object was to keep the *corpus* of the estate intact until the death or marriage of Rose Scheuing, and until the happening of one of these events to pay the income to her and to thereafter distribute the personal estate held by the trustee among such persons as in the will designated. The instant case does not, therefore, come within the reasoning of *Anderson v. Williams,* 262 Ill. 308, which holds that where the designs and objects of the trust have been practically accomplished and all interests have become vested, a trust may be terminated. Then, again, in this case the interests are not vested; they are contingent and so continue until the time of distribution appointed by the will. Consequently *Northern Trust Co. v. Wheaton,* 249 Ill. 606, is not in point, as there the interest was vested, while here it is contingent.

While the title remains in the trustee under the conditions of the trust, it cannot be destroyed by any agreement of the life tenants and the remaindermen. Furthermore, there is one party at least in life—a great grandchild of the testatrix—a minor when the bill was filed, who if he survives the trust period will be entitled to participate in the final distribution. Minors cannot be bound by the agreement of adults.

In some respects this case is similar to *Blatchford v. Newberry,* 99 Ill. 11, where, on renunciation by the widow, it was sought by the living descendants to accelerate the time of distribution of one-half of the estate; but the court held that the time for distribution was the one appointed by the will, and that those entitled to participate must be ascertained as of the time stipulated in the will for distribution. In the meantime the trustee was vested with and held title. We think the concluding paragraph of the opinion pertinent in its application to the cause now being reviewed: "We can come to but the one conclusion, that the period of distribution appointed by the will

Hall v. Robertson, 213 Ill. App. 147.

has not yet arrived, and will not until the death of Mrs. Newberry. To determine otherwise would seem to us to be, in this particular, making a will for the testator, instead of expounding the one which he himself made."

Trustee May cannot distribute the estate held by him under the will until Rose Scheuing either dies or marries. The will of the testatrix must prevail. It cannot be made over by agreement of the heirs.

The decree of the Circuit Court is affirmed.

*Affirmed.*