Argued October 10; modified December 2, 1930; rehearing denied
January 13, 1931

## JERMAN *v.* NELSON
(293 P. 592)

*C. O. Fenlason* and *O. A. Neal,* both of Portland, for
appellant.

*Guy O. Smith,* of Salem, for respondent.

KELLY, J. The questions, which, when decided, will determine the rights of the parties in this case, with respect to the real estate involved, are as follows:

First. What estate was devised to plaintiff and respondent by the will of her father, Isaac Durbin?

Second. What interest, if any, passed to her by the deed from her sons, Edward D. Jerman and Paul Jerman?

Third. What, if any, estate does she have by operation of law?

Fourth. What interest, if any, passed to defendant and appellant by the mortgage of E. D. Jerman to her?

Fifth. What interest, if any, was transferred and conveyed to defendant and appellant by the attachment, judgment, sale upon execution, confirmation thereof, and the execution and delivery of the sheriff's deed?

■ In this court, it was practically conceded by plaintiff and respondent, and, at all times, it has been urged by defendant and appellant that the interest devised by the will, in question, to plaintiff was that of an estate during her natural life; and we so hold.

■ To answer the second, fourth and fifth of the above questions, it is necessary to determine the nature of the estate of Edward D. Jerman as a prospective heir of the body of plaintiff, if any, passing by virtue of the testamentary devise quoted in the statement of facts.

In the case of *Jerman v. Jerman,* 129 Or. 402 (275 P. 915), this court held that there could be no heirs of the living and that no one could ascertain who the heirs of Lela Jerman may be until her death. This means that at the demise of Isaac Durbin, Edward D. Jerman, as a prospective heir of the body of Lela Jerman, had

an interest in the nature of a contingent remainder in the property in question: *Jerman v. Jerman,* supra; 2 Washburn on Real Property, (6th Ed.) § 1555; 1 Fearne on Contingent Remainders, 8 (9); *Aetna Life Insurance Co. v. Hoppin,* 289 Ill. 406 (94 N. E. 669, 214 Fed. 928).

It should be borne in mind that this case is one wherein the interest under consideration was devised to the heirs of the body of Lela Jerman, and it is not to be confused with those cases wherein the devise is to children or grandchildren, or in terms supported by context implying that children or grandchildren, or other existing relatives, were the beneficiaries.

Defendant and appellant urges that, by the terms of Or. L., § 10119, a devise, for the life of a person, and after his death to the heirs of such person's body, creates an estate in fee simple in those who are the heirs presumptive of the life tenant subject only to such tenant's life estate. We do not so construe that section of the statute. It reads as follows:

"If any person by last will devise any real estate to any person for the term of such person's life, and after his death, to his or her children or heirs, or right heirs in fee, such devise shall vest an estate for life only in such devisee, and remainder in fee simple in such children."

Section 550, R. S. 1919 of Missouri is almost identical with the above-quoted section of the Oregon statutes. In *Green v. Irvin,* 309 Mo. 302 (274 S. W. 684), the supreme court of Missouri carefully distinguishes between the cases wherein at the date of the death of a testator either someone is in being, child, or grandchild, or issue of her body, or came into being during the life of the life tenant answering and filling the

description of the remainderman as drawn in the will; and those cases wherein the remainder is limited to heirs or heirs of the body.

Section 2345 of the Kentucky statutes provides:

"If any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendants."

The supreme court of Kentucky, nevertheless, held that:

"If the devise had been to [X] for life, remainder to her heirs, the remainder would have been contingent, unless it appeared that the word 'heirs' meant children, for it would have been impossible to ascertain who her heirs were until her death." *Campbell v. Hinton,* 150 Ky. 546 (150 S. W. 676).

Section 10578, General Code of Ohio, reads as follows:

"When lands, tenements, or hereditaments are given by will to a person for his life, and after his death to his heirs in fee, or by words to that effect, the conveyance shall vest an estate for life only in such first taker, and a remainder in fee simple in his heirs."

The appellate court of Ohio quotes this statute and declares that, where the estate is devised to M. P. without reservation for her life, and after her death the remainder was given to her bodily heirs in fee simple, the bodily heirs, for whom the remainder was intended, are those who shall be such bodily heirs at the decease of the person holding the life estate, and that in such case the remainder is contingent and the fee vests when the contingency ceases: *Pollock v. Brayton,* 28 Ohio App. 172 (162 N. E. 608, 29 Ohio App. 296, 163 N. E. 573).

It is true that the cases of *Winchell v. Winchell,* 259 Ill. 471 (102 N. E. 823), and *Lewin v. Bell,* 285 Ill. 227 (120 N. E. 633), support appellant's position in this case; but these cases are at variance with the meaning which this court has ascribed to the term, heirs of the body. (*Jerman v. Jerman,* supra.)

Treating the interest of Edward D. Jerman as a contingent remainder, it becomes necessary to determine whether or not the same is alienable.

Under the common law, contingent remainders, of the class to which the one in the case at bar belongs, were not alienable to a stranger to the title. Some courts in sister jurisdictions adhere to that rule: *Du-Bois v. Judy,* 291 Ill. 340 (126 N. E. 104) ; *Schapiro v. Howard,* 113 Md. 360 (78 Atl. 58, 140 Am. St. Rep. 414) ; *In re Bank's Will,* 87 Md. 425 (40 Atl. 268) ; *McDonald v. Bayard Savings Bank,* 123 Iowa 413 (98 N. W. 1025) ; *In re Hoadley,* 101 Fed. 233.

■ This court, however, is committed to the doctrine that such contingent remainders are vendible: *Love v. Walker,* 59 Or. 95 (115 P. 296) ; *Love v. Lindstedt,* 76 Or. 66 (147 P. 935, Ann. Cas. 1917A, 898).

■ Applying this principle to the case at bar, the interest in the premises in controversy of Edward D. Jerman, as contingent remainderman, was mortgaged to defendant; and later transferred to defendant by sheriff's deed, pursuant to an execution and a sale thereupon prior to the execution of the deed by Edward D. Jerman and Paul Jerman to their mother, the plaintiff herein. Plaintiff's deed from Edward D. Jerman and Paul Jerman, being subsequent to defendant's deed, passed no interest whatever from Edward D. Jerman to plaintiff.

■ No interest in said premises has passed or can pass to plaintiff by operation of law for the reason that,

under the terms of the will in question, the reversion, if any, depends upon plaintiff's death without heirs of her body. By operation of law, therefore, the heirs of Isaac Durbin, who survive plaintiff, are the reversioners; and not plaintiff, herself. The estate of these reversioners is expectant upon the death of plaintiff without heirs of her body.

The defendant desires the decree to declare that her interest as mortgagee and her interest as grantee under the sheriff's deed are not merged.

"In equity mergers are considered odious, and are much less favored than at law, and are made to depend upon the intention and interest of the party. It is only in those cases where it is perfectly indifferent to the party in whom the interests had united whether the charge or term should or should not subsist, that in equity the term is merged": *Watson v. Dundee M & T. I. Co.*, 12 Or. 474, 483 (8 P. 548).

The decree of the lower court should be and is hereby modified in that instead of declaring plaintiff and respondent to be the owner in fee simple of said property, and that defendant has no estate or interest therein, it is ordered, adjudged and decreed that the plaintiff and respondent herein is the owner of an estate during her natural life, in possession of and entitled to possession of said real property; that defendant's mortgage, appearing of record at page 51 of volume 20 of the Record of Mortgages in and for Marion county, Oregon, constitutes a lien upon the interest of said Edward D. Jerman as contingent remainderman, and that the sheriff's deed to defendant recorded in volume 202, at page 577, of the Deed Records in Marion county, Oregon, evidences the transfer of the interest of said Edward D. Jerman, as such contingent remainderman, to defendant and that defen-

dant's interest as mortgagee in said mortgage and as grantee in said sheriff's deed are not merged; that plaintiff's deed from Paul Jerman and Edward D. Jerman, recorded at page 349 of volume 188 of the Record of Deeds in and for Marion county, Oregon, in so far as it purports to transfer unto plaintiff the interest in said premises of Edward D. Jerman, as a prospective heir of the body of plaintiff, is, and is hereby declared to be a cloud upon defendant's interest as owner of said contingent remainder, which said cloud is hereby removed; that the decree is without prejudice to any heir of the body of Lela Jerman other than Edward D. Jerman; and inasmuch as both parties, plaintiff and defendant, have urged and insisted upon untenable and unwarranted claims to the premises in dispute, it is hereby ordered that neither party shall recover costs or disbursements either in this court or in the circuit court.

CosHow, C. J., and BELT, J., concur.

ROSSMAN, J., did not participate.

RAND, J., dissents.