Submitted on briefs April 18; modified May 9; rehearing denied
July 11, 1933

## SECURITY SAVINGS & TRUST CO. *v.* EVANS

(21 P. (2d) 782)

*Walter Fuhrer,* of Salem, for appellant.

*C. O. Fenlason* and *O. A. Neal,* both of Portland,
for respondent.

BEAN, J. This is a suit for specific performance of
a contract by the terms of which plaintiff agreed to sell
and defendant to purchase certain real estate. The only
ground upon which defendant has refused to perform

the contract is that plaintiff's title is not marketable. The lower court rendered a decree requiring specific performance and defendant appealed.

The facts are undisputed and are set forth in the complaint, to which a demurrer was interposed and sustained. The complaint shows substantially the following facts: A contract was entered into February 7, 1933, by the terms of which plaintiff agreed to sell and convey by good and sufficient deed to defendant, and defendant agreed to purchase from plaintiff, on the terms set forth in the contract, the land described in the complaint and in the contract, at a price of $5,840. Plaintiff agreed to furnish defendant a good and merchantable title in fee simple and to convey same to the defendant by good and sufficient deed and to furnish an abstract showing it had such good and marketable title in the premises. Plaintiff has performed the terms of the agreement on its part. The real estate is a part of and embraced within the boundaries of certain land owned by one Isaac Durbin in his lifetime. He died in Marion county, Oregon, about February 5, 1913, seized in fee simple of said real estate. Prior to his death he made, executed, published and declared his last will and testament, which was admitted to probate in the county of Marion. The fee simple title in Isaac Durbin, the testator, passed under the terms of the will and the estate was duly probated and closed. The widow of the testator took under the will and enjoyed her life estate in said premises during her natural lifetime. The will, as far as pertinent to the real property in question, provided, among other things, as follows:

"Second, to my beloved wife Olive Durbin, I hereby give, grant and devise, during the remainder of her

natural life only, and subject to the hereinafter mentioned conditions, all the property, real, personal and mixed, of which I may die possessed.

\*      \*      \*      \*      \*

"Fourth, to my daughter Lela Jerman and the heirs of her body only, and subject to the life estate therein of my wife, Olive Durbin, I hereby grant, will and devise the following described real premises, to-wit: What is known as the Sappingfield tract of land in Marion County, Oregon, as more particularly described in a deed of conveyance of date, August 29, 1892, and recorded in Vol. 52, Page 104, of Marion County records of deeds, on August 30, 1892, the said lands and premises to be taken by my said daughter, Lela Jerman, after the death of my said wife, and to be held and enjoyed by her during the remainder of her natural life, and upon her death, to descend to the heirs of her body only".

It is further set forth in the complaint that at the time of his death Isaac Durbin left surviving him, among others, his wife Olive Durbin and his daughter Lela Jerman. At his death Lela Jerman was a widow and has been ever since. Her age is approximately 65 years. Because of such age and her physical condition she can have no more children of her body. At the death of the testator, Lela Jerman had two sons living, lawful issue of her body, Paul Jerman and Edward D. Jerman, who are now living, being all of her children. Paul Jerman has been twice married, his first wife being Dora Jerman, now Dora Stanton, and as an issue of said marriage there were born two children, both of whom are minors and now living. Subsequent to the death of Isaac Durbin, the testator, Dora Jerman duly secured a decree of divorce from Paul Jerman and acquired all the right, title and interest of Paul Jerman in and to the real property accruing under the terms of Isaac Durbin's will. After-

wards Dora Jerman remarried and is now Dora Stanton. Thereafter Paul Jerman remarried and there exists a possibility that he may have children as a result of such marriage. Edward D. Jerman married Merze O. Herrick, now Merze O. Nelson, and after said marriage and after the death of the testator Merze O. Jerman secured a decree of divorce from Edward D. Jerman. There was no issue of said marriage and Merze O. Jerman, subsequent to the divorce, acquired all the right, title and interest of said Edward D. Jerman in and to the real property acquired by Edward D. Jerman under and by virtue of the terms of the will. Thereafter Edward D. Jerman remarried and one child has been born as an issue of such marriage, with the possibility of further issue, and said Merze O. Jerman thereafter remarried and became Merze O. Nelson. Subsequent to the divorce between Paul Jerman and Dora Jerman and the divorce between Edward D. Jerman and Merze O. Jerman, and subsequent to the time the said Dora Stanton and Merze O. Nelson acquired all the right, title and interest of Paul Jerman and Edward D. Jerman in and to the said real property under and by virtue of the terms of Isaac Durbin's will, the said Paul Jerman and Edward D. Jerman made, executed and delivered to their mother, Lela Jerman, a bargain and sale deed in writing, in which they conveyed to their mother all such right, title and interest as they then had in and to the real property, which was all the interest they took under the will mentioned, save as effected by the interest secured as herein set forth by said Dora Stanton and Merze O. Nelson, who were the former wives of said sons. This deed was duly recorded. Thereafter Lela Jerman, daughter of Isaac Durbin and mother of Paul and Edward D. Jerman, mortgaged all her right, title

and interest in said property and covenanted that she was the owner in fee simple thereof. The mortgage was given to secure a promissory note in the principal sum of $5,000 in favor of Hawkins & Roberts, Inc., an Oregon corporation. Thereafter, on account of various defaults and the condition of the mortgage, the note and mortgage were duly foreclosed and proceedings were had therein and all the right, title and interest of Lela Jerman in the real estate was duly sold at sheriff's sale, which sale was confirmed, and thereafter a sheriff's deed was duly and regularly executed and delivered to Hawkins & Roberts, Inc., on the 3d of November, 1932, and duly recorded. By virtue of said sheriff's deed Hawkins & Roberts, Inc., became the owner of all the right, title and interest which Lela Jerman acquired under and pursuant to the will of Isaac Durbin and under and pursuant to the terms of said deed executed and delivered by Edward D. Jerman and Paul Jerman, as above set forth. Subsequent to the acquisition by Hawkins & Roberts, Inc., of their interest in and to said land Dora Stanton and her present husband, for a valuable consideration, made, executed and delivered their bargain and sale deed to Merze O. Nelson, conveying all their right, title and interest in and to said real property to said Merze O. Nelson. The deed was dated January 9, 1933, and duly recorded. Thereafter Hawkins & Roberts, Inc., for a valuable consideration, made, executed and delivered its bargain and sale deed to said Merze O. Nelson, conveying to said grantee all its right, title and interest in and to said real property, the deed particularly providing and specifying that among its purposes it was for the purpose of merging the prior life estate of Lela Jerman, acquired as aforesaid by said grantor in and to and with the immediate remainders owned by

said Merze O. Nelson for the purpose of extinguishing the life estate and merging the same with the immediate remainders. Said deed was made on January 9, 1933, and duly recorded. Thereafter, for a valuable consideration, Merze O. Nelson and her present husband, Bert Nelson, made, executed and delivered their bargain and sale deed to plaintiff herein, conveying to plaintiff all their said right, title and interest in and to the real property, excepting only that certain mortgage which appears of record in Book 120, page 51, of Mortgage Records for Marion County, Oregon.

Defendant objects not to the mortgage but admits in writing that plaintiff is ready, willing and able to release said last mentioned mortgage upon the payment by defendant of the mentioned purchase price. Defendant's sole objection is that plaintiff does not have a good, merchantable fee simple title in and to the real property herein described, upon the ground that the merger of the life estate with the immediate remainders now vested in plaintiff herein is not sufficient to create a good and merchantable fee simple title. Plaintiff, on the other hand, asserts that by virtue of the aforesaid facts it does have a good, merchantable fee simple title to said premises, and that the said merger of said life estate acquired as herein mentioned with the immediate remainders, acquired from the immediate remaindermen, Paul Jerman and Edward D. Jerman, merged title into fee simple in the plaintiff and eliminated the remote possible contingent remainders theretofore existing, if at all, in the children and possible children of Paul Jerman and Edward D. Jerman and any and all other contingent remaindermen not now known. Plaintiff prays for a decree for specific performance of the contract.

Defendant demurs to the complaint for the reason that same does not state facts sufficient to constitute a cause of action in this: The fact that said complaint shows upon its face that plaintiff's title is not a marketable title, for the reason that it appears there are outstanding contingent interests in said real estate in persons yet unborn; that is, in the children and possible children of Paul Jerman and Edward D. Jerman and any and all contingent remaindermen not now known.

The defendant states, in substance, that the grandchildren of Lela Jerman, now living or who may hereafter be born, have not conveyed their interests in said real estate acquired under the will of Isaac Durbin. In the case of *Jerman v. Nelson,* 135 Or. 126 (293 P. 592), this court, Department No. 1, three justices concurring and one dissenting, held that Lela Jerman had a life estate only in the property in question. In that case, which involved the land now in question and nearly all of the conveyances pertaining thereto, it was held, *inter alia,*

"That plaintiff's [Lela Jerman] deed from Paul Jerman and Edward D. Jerman, recorded at page 349 of volume 188 of the Record of Deeds in and for Marion county, Oregon, in so far as it purports to transfer unto plaintiff the interest in said premises of Edward D. Jerman, as a prospective heir of the body of plaintiff, is, and is hereby declared to be a cloud upon defendant's interest as owner of said contingent remainder, which said cloud is hereby removed; that the decree is without prejudice to any heir of the body of Lela Jerman other than Edward D. Jerman; * * *"

In *Love v. Walker,* 59 Or. 95 (115 P. 296), this court held that the word "issue" embraced not only plaintiff's children but any of his lineal descendants.

Section 10-101, Oregon Code 1930, provides, in part, as follows:

"When any person shall die seized of any real property, or any right thereto, or entitled to any interest therein, in fee simple, or for the life of another, not having lawfully devised the same, such real property shall descend subject to his debts, as follows:

"1. In equal shares to his or her children, and to the issue of any deceased child by right of representation; and if there be no child of the intestate living at the time of his or her death, such real property shall descend to all his or her other lineal descendants; and if all such descendants are in the same degree of kindred to the intestate, they shall take such real property equally, or otherwise they shall take according to the right of representation; * * *"

The conveyance from Edward D. Jerman and Paul Jerman, in the chain of title of plaintiff, would estop Edward D. Jerman and Paul Jerman from claiming title to the land in question if they were living at the time of the death of Lela Jerman. If Edward D. Jerman and Paul Jerman should die before the death of Lela Jerman occurs, then the children of either of them, if there were any living at that time, would probably claim an interest in the land in question and seek to enforce their rights by litigation. Such litigation might be deferred until such children became of lawful age.

■ Assuming without deciding that the plaintiff has a fee simple title to the land in question, then the question arises whether it is a merchantable or marketable title. It is stated in Maupin on Marketable Title to Real Estate (3d Ed.), p. 769, et seq., in substance, as follows: The purchaser cannot demand a title absolutely free from all suspicion or possible defect, nor that he be guaranteed against any trouble on ac-

count of the title. He can simply require title such as a prudent man, well advised as to the facts and their legal bearings, would be willing to accept. The doubts must be such as will affect the market value of the estate. They must not be frivolous and astute niceties. They must be such as would induce prudent men to hesitate in accepting a title affected by them. The doubt must be grave and reasonable. We read on page 771 of that work:

''If there is such doubt as to make it probable that the purchaser's right may become a matter of investigation, he will not be compelled to complete the purchase. If the doubt arises upon a question of fact of such nature as not to admit of proof, such as a statement that a certain act, which would make void the vendor's title, had not been committed; or, if a defect appear and the title depends upon facts removing it, which facts the purchaser can only establish by parol testimony should his title be afterwards attacked, the purchaser will be relieved. * * * and that if the doubt arises upon a question connected with the general law, the court is to judge whether the law is settled; if not settled, or if extrinsic circumstances affecting the title, appear, which neither the court nor the purchaser can satisfactorily investigate, the purchaser will be relieved''.

■ The purchaser is entitled to rescind the contract where the title is doubtful, as well as where it is absolutely bad. It has been frequently said that equity will in many cases deny the vendor's application for specific performance when it would not entertain a bill for the purchaser to rescind. In other words, it requires a stronger case to induce a chancellor to rescind the contract than to withhold his assistance in causing it to be executed.

''In theory the court must know whether the title is good or bad, if all the facts respecting it are known

and undisputed, for the court is presumed to know the law applicable to those facts. But no court can be certain that, upon a doubtful question of law, e. g., whether a certain limitation, after a life estate, was a contingent remainder or an executory devise, another court of co-ordinate jurisdiction in which the purchaser's title may be attacked, will pronounce the same judgment''. Maupin on Marketable Title to Real Estate (3d Ed.), p. 772. See Pomeroy, Specific Performance of Contracts (3d Ed.), § 198, et seq.

■ In the present case one party suggests that a contingent remainder is involved and the other that it is an executory devise.

As ordinarily expressed, a purchaser does not desire and is not compelled to purchase a lawsuit.

It seems to us that the ruling in the case of *Jerman v. Nelson,* supra, in the opinion of Mr. Justice KELLY, ''that the decree is without prejudice to any heir of the body of Lela Jerman other than Edward D. Jerman'' leaves room for a reasonable doubt in regard to the title of the real estate.

No decree can be rendered that would bind the minor grandchildren of Lela Jerman or the minor children of Edward D. and Paul Jerman.

Under all the circumstances of the case we cannot render a decree that will insure the title of the defendant to the land in question.

The decree of the lower court is modified as suggested herein and the decree for the enforcement of the contract to purchase will be denied.