WILLIAM T. BRANSON et al. Appellants, vs. LIZZIE BAILEY et al. Appellees.

*Opinion filed October 28, 1910.*

1. WILLS—*when will does not violate rule against perpetuities.* A will devising a life estate in a farm to the testator's son with remainder for life in the three named children of such son and with remainder in fee to their lawful children, and if any of the three grandchildren should die without leaving lawful children his share should vest in the surviving grandchildren for life with remainder in fee to their lawful children, does not violate the rule against perpetuities, since the fee will vest, if at all, at the death of persons in being at the death of the testator.

2. SAME—*what is required by rule against perpetuities.* All that is required by the rule against perpetuities is that the absolute ownership of the property must vest in someone within the period of a life or lives in being and twenty-one years and nine months thereafter.

APPEAL from the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

I. R. BROWN, and J. E. BARNES, for appellants.

W. S. JEWELL, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a bill for partition and for the construction of a will, filed in the circuit court of Fulton county by William T. Branson, Mary A. Marshall and Cassie B. Carrithers, alleging that Calvin Branson, of that county, died testate in May, 1908, leaving surviving him. William T. Branson, Mary A. Marshall and Cassie B. Carrithers, his children, as his only heirs-at-law; that his last will and testament was duly admitted to probate in the county court of Fulton county on May 14, 1908; that at the time of his death testator was seized in fee simple of a farm consisting of 480 acres, describing it; that in and by the first

clause of his said will he devised to his son, William T. Branson, the said real estate, to have and to hold for and during the term of his natural life; that the second clause of his said will is as follows:  ̄

"At the death of my son, William T. Branson, I give, will and devise said real estate, as hereinafter described, to my three grandchildren, Lizzie Bailey, Lewis Branson and Leonard Branson, being the children of my said son, to have and to hold equally, share and share alike, for and during the term of their natural lives, and at their death the remainder to descend to and become vested in fee simple in their lawful children, and in case of the death of either of said grandchildren without leaving any lawful child or children surviving, the share of such deceased grandchild to become vested in the survivors for life, and at their death to be and become vested in their lawful children in like manner as above stated, in fee simple. Said real estate is described as follows: (describing it.) It is my will that no title in fee to any of said lands shall vest in my said son, William T. Branson, and I declare it to be my will that he shall have only a life estate therein; and it is my will that no title in fee to any of my said land shall vest in my said grandchildren, Lizzie Bailey, Lewis Branson and Leonard Branson, and I declare it to be my will that they shall have only a life estate in said lands after the death of their father, William T. Branson, and that the fee shall vest in their lawful children surviving them; and it is my will that neither my said son nor grandchildren, nor any of them, shall have any right to sell, dispose of, mortgage or encumber, in any manner, any of said lands, and that they shall keep it free and clear, hereby revoking all former wills by me made."

It appears from the bill that at the time of the death of Calvin Branson, Lizzie Bailey was the mother of two children, Lewis Branson the father of three children and Leonard Branson the father of two children. Lizzie Bailey,

Lewis Branson and Leonard Branson and their seven children were made parties defendant to the bill. The bill alleged further that clause 2 violates the rule against perpetuities, and prayed that the will be construed and be set aside and declared null and void, and that the said real estate be partitioned and divided according to the respective rights and interests of the parties. The adult defendants defaulted, and the court appointed a guardian *ad litem* for the seven great-grandchildren of the testator, all of whom were minors, and upon the answer of the guardian *ad litem*, and the replication thereto, the cause was referred to the master in chancery to take the proof and report the same to the court. Upon a hearing the court dismissed the bill for want of equity, and from this decree the complainants in the bill have appealed to this court.

The only point relied upon for reversal and urged here is, that the will of Calvin Branson is void as in violation of the rule against perpetuities. A perpetuity is a limitation taking the subject thereof out of commerce for a longer period than a life or lives in being and twenty-one years beyond, and in case of a posthumous child a few months more, allowing for time of gestation. (*Howe* v. *Hodge,* 152 Ill. 252; *Johnson* v. *Preston,* 226 id. 447; *Dwyer* v. *Cahill,* 228 id. 617.) Under this definition it is apparent that this will does not violate the rule against perpetuities, and the court committed no error in dismissing the bill for want of equity. Under the will a life estate is given, first, to William T. Branson in the whole property; then life estates are given to three designated children of William T. Branson in equal parts, share and share alike. At the death of any one of said children of William T. Branson leaving surviving a lawful child or children, such child or children will at once become possessed of the fee simple title to the undivided one-third of said real estate, or in case of the death of any one of the said children of William T. Branson childless, then the survivors of such child

will take the interest of the deceased child for life, and at their death the fee will go to their surviving lawful children. The three children of William T. Branson were all in being at the time of the death of Calvin Branson and the fee simple estate will become vested in their children upon their successive deaths, hence the will does not violate the rule against perpetuities, which simply requires that the absolute ownership of property must vest in someone within the period of a life or lives in being and twenty-one years and nine months thereafter.

The decree of the circuit court is affirmed.

*Decree affirmed.*