(No. 11017.—Decree affirmed.)

PETER J. KOLB, Admr., Appellant, *vs.* BERTIE A. LANDES *et al.* Appellees.

*Opinion filed February 21, 1917—Rehearing denied April 5, 1917.*

· 1. WILLS—*when administrator with the will annexed may file a bill to construe the will.* Where there is a residuary clause directing the executor to convert into money any land not disposed of by the will, an administrator with the will annexed may file a bill to have the will construed to determine whether there is any real estate falling into the residuary clause, and if the court finds there is such real estate the administrator is entitled to a construction of any portion of the will necessary for a proper administration of the estate, but if the court finds there is no such real estate then the bill must be dismissed.

2. SAME—*when gift over depending on death of a devisee for life does not fail on account of devisee surviving testator.* The rule that where there is a devise *simpliciter* to one person and in case of his death to another the words refer to death of the devisee in the lifetime of the testator cannot be applied where the devise to the first taker is not a devise *simpliciter* but only for life, and in such case the gift over will not fail on account of the devisee for life surviving the testator. (*Kohtz* v. *Eldred,* 208 Ill. 60, distinguished.)

3. SAME—*when fee descends to heirs-at-law and does not fall into the residuary estate.* Where a testator, without devising the

fee to the trustees, provides a trust estate for his grandson, giving the income from realty to him for life and for twenty-one years thereafter to his children, if any, and if there are no children surviving then to the testator's children for the same length of time, with remainder over, in fee, to the testator's brothers and sisters then living and to the children of those deceased, the naked fee descends to the heirs-at-law of the testator subject to the contingency, has no market value until combined with the equitable estate and does not fall into the residuary estate.

4. SAME—*rule against perpetuities permits the running of the full period before vesting of the estate.* The wording of the rule against perpetuities, "within a life or lives in being and twenty-one years thereafter," does not prohibit the running of the full period before the vesting of the estate, and the rule is not violated by a trust provision in a will under which the estate must vest, if at all, at the instant the twenty-one year period terminates.

5. SAME—*purpose of the statute against accumulations by trust provision in a will.* The act of 1907 against accumulations was not intended to defeat the intention of a testator as to who shall be entitled to property under a will but only to prevent indefinite accumulations of wealth, as it only limits the period of accumulation while the produce beyond that limit goes to the same person who would have been entitled to it if the accumulation had not been directed.

6. SAME—*administrator with the will annexed cannot maintain bill to construe a will solely in reference to probate matters.* A bill cannot be maintained by an administrator with the will annexed for a construction of a will in reference solely to matters which are wholly within the jurisdiction of the probate court, since to take cognizance of such matters a court of equity would, in effect, remove the administration of the estate from the probate court.

APPEAL from the Circuit Court of Wabash county; the Hon. J. C. EAGLETON, Judge, presiding.

FRED B. MERRILLS, for appellant.

E. B. GREEN, and THOS. H. CREIGHTON, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Silas Z. Landes died testate in Wabash county May 23, 1910. His son, Bernard S. Landes, was named as executor, accepted the trust, qualified and acted as such executor

until July 4, 1914, when he resigned, and appellant, Peter J. Kolb, was appointed administrator *de bonis non* with the will annexed. On October 5, 1914, appellant filed his bill in the circuit court of Wabash county for a construction of the will and the appointment of a trustee. Upon a hearing the bill was dismissed for want of equity. This appeal followed.

The right of the administrator to file a bill to construe the will is questioned. An administrator with the will annexed, under which the executor is required to convert land into money and make distribution, is so connected with the trust that he may apply to a court of equity for a construction of the will and the appointment of a trustee to sell and to carry out the provisions of the will which do not strictly devolve upon him as such administrator. (*Wenner* v. *Thornton,* 98 Ill. 156; *Stoff* v. *McGinn,* 178 id. 46; *Penn* v. *Fogler,* 182 id. 76; *Frackelton* v. *Masters,* 249 id. 30.) The residuary clause of the will was contained in the codicil and was in part as follows: "I hereby direct that the remainder of my estate not otherwise provided for and that does not pass by this will shall be converted into money by my executor, and that such money, less the costs of administration, shall be equally divided between my said son, B. S. Landes, and my said daughter, Pauline S. L. Eichhorn, share and share alike." The bill alleges that the testator died seized of real estate not otherwise provided for in his will and which falls into the residuary estate and prays for the appointment of a trustee to carry out the provisions of the residuary clause. Appellant had the right to file his bill to have the will construed for the purpose of determining whether there was any real estate to be disposed of under the residuary clause, and if so, for the appointment of a trustee to carry out that provision of the will.

The only trust imposed upon the executor by the will and which is involved in this litigation is that imposed in that part of the residuary clause above set out. It is the

contention of appellant (1) that paragraph 7 of the will
leaves a reversion in the testator which is not disposed of
by that paragraph and which falls into the residuary estate;
(2) that by paragraphs 7 to 10, inclusive, the fee of the
real estate was not devised but remains in the heir-at-law
and therefore falls into the residuary estate; (3) that par-
agraphs 7 to 11, inclusive, violate the rule against perpetui-
ties and are void, and that the real estate therein attempted
to be devised falls into the residuary estate; and (4) that
paragraphs 7 to 11, inclusive, of the will are void because
they violate the act restraining trusts and directions for
accumulations in deeds and wills. (Laws of 1907, p. 1.)
Other questions are raised which will be noted, but which,
in the view we have taken as to the contentions set out,
it will not be necessary to determine.

The testator left surviving him his widow, to whom he
had recently been married, his two children, Bernard S.
Landes and Pauline S. L. Eichhorn, and a grandson, Silas
B. Eichhorn. He left personal estate of the value of be-
tween $45,000 and $50,000 and real estate of the value of
$81,000. The income from all the real estate and from
the greater portion of the personal property was devised in
trust, in various portions, to his son, daughter and grand-
son, respectively, during the period of their natural lives,
and in each instance for a period of twenty-one years there-
after to various other persons, with remainders in some in-
stances to the children of Bernard S. Landes should he die
leaving issue, and in other instances to the brothers and
sisters of the testator then living or to the children of such
brothers and sisters who might then be deceased. The will
is a very lengthy and involved instrument, but paragraph 7
will serve to illustrate practically all the points raised. That
paragraph is as follows:

"To commence fifteen months after my death, during
which fifteen months all rents arising from the real estate
in this paragraph mentioned shall be taken by my executor

as part of my estate, and said rents to arise thereafter shall
be taken by the trustees hereinafter named in trust for my
grandson, Silas B. Eichhorn, for and during his natural
life, if he survive me, and after his death to his legitimate
child or children, if any should survive him, for the addi-
tional period of twenty-one years, all the coal, coal oil, gas
and other valuable minerals that may be found in or un-
der the land hereinafter in this paragraph described, and all
the net rents, income and profits that said land can be made
to produce by prudent cultivation, subject to such improve-
ments as may be by the trustees hereinafter named from
time to time deemed advisable, and the necessary repairs and
taxes, to-wit: The land referred to being my farm in sec-
tion 31, T. 1, S., R. 12, west, and in fractional section 6,
T. 2, S., R. 12, W., and in section 36, T. 1, S., R. 13, west,
and in section 1, T. 2, S., R. 13, W., being all the land I
own there in a contiguous body and altogether containing
between 400 and 500 acres, in Wabash county, Illinois, ex-
tending from the Wabash river north, provided his mother,
if living, shall receive for him through said trustees all
such net income until he arrives at the age of sixteen years,
and shall apply as much thereof as shall seem to her proper
for his support in a manner becoming his condition, and
after he arrives at the age of sixteen the possession of said
income shall be retained by said trustees, who shall, after
paying taxes, repairs and for improvements, use said in-
come to the extent that may be necessary for his (S. B.
Eichhorn's) support in sickness and in health, and for his
education in a Catholic institution for the education of
young men, (where the danger from fire to the students is
least,) Notre Dame University, Indiana, preferred, if all
the conditions seem suitable to the trustees and my grand-
son. If he does not attend a Catholic school no part of
any income provided for him in this will shall be used for
his education, because of the danger of being taught in
many of the other denominational and State institutions of

higher learning, doctrines which tend to destroy the Christian religion and are therefore against the best interest of the boy and our country. In addition to his necessary expenses a reasonable additional sum should be furnished him (if used prudently by him) for extras. If he should die without legitimate child or children surviving, then the net income from said real estate shall for twenty-one years after his death be equally divided between my son, B. S. Landes, and his sister, and all to the survivor of them, to the end of said twenty-one years after his death, at the end of which time the remainder in fee of said farm lands shall vest in my brothers and sisters then living and in the children of those of my brothers and sisters then deceased, the children taking the share of their parents, respectively, would have taken if living, share and share alike."

It is first contended that the gift over to the brothers and sisters in paragraph 7 is a substitutionary devise, to take effect only in the event of the death of Silas during the lifetime of the testator without legitimate child or children surviving him; that the condition upon which the devise to the brothers and sisters should take effect having failed, and there being no devise in fee over to the child or children of Silas should he die leaving a child or children surviving him, the remainder in the real estate described in paragraph 7, after the termination of the life estate given to Silas and twenty-one years thereafter, falls into the residuary estate and is to be disposed of under the provisions of the residuary clause. In support of this contention it is urged that the provision, "if he [Silas] should die without legitimate child or children surviving" then the ultimate remainder in fee to the brothers and sisters of the testator, refers to the death of Silas before the death of the testator, and in this connection the case of *Kohtz* v. *Eldred,* 208 Ill. 60, is cited. The rule of construction applied in the *Kohtz case,* that "where there is a devise or bequest *simpliciter* to one person and in case of his death to an-

other, the words refer to a death in the lifetime of the testator," cannot be applied to the seventh clause of the will here involved, for the reason that the devise to Silas is not *simpliciter* but is only for life. There is no failure of the gift over to the brothers and sisters of the testator under the provision of this paragraph, or, as counsel for appellant expresses it, a reversion in the testator, on account of Silas having survived the testator.

No devise of the real estate is made to the trustees. Each devise in the will is similar to that contained in paragraph 7. During the continuance of the trust the naked fee of the lands devised remains in the heirs-at-law of the testator, and the gifts over constitute executory devises and fall within the second class of executory devises as defined by Kent in his Commentaries, viz.: "Where the testator gives a future interest, to arise upon a contingency, but does not part with the fee in the meantime." (*Ashby* v. *McKinlock,* 271 Ill. 254.) While it is true the testator did not part with the bare fee to the lands devised and that fee descends to his heirs-at-law, it is not a beneficial estate. The testator made as complete a disposition of his real estate as he desired and intended to make, and it is clear that he did not intend that the naked fee of his real estate which is retained should fall into the residuary clause, to be disposed of by the executor. This is not a beneficial estate, and the fee will never have any market value until it is combined with the equitable estate, either in the executory devisees named in the will, or, in the event of the failure of such executory devisees, in the heirs-at-law of the testator.

The trusts created by paragraphs 8 to 11 of the will are similar to that created by paragraph 7, the only difference being as to the first beneficiary. Beneficiaries in each instance are either the son, daughter or grandson, or those persons collectively, and the survivor of them, during the term of their natural lives. In each instance provision is

made for the continuance of the trust for the period of twenty-one years after the death of the beneficiary named, or, when more than one, after the death of the last survivor. Appellant contends that this provision of the will violates the rule against perpetuities, for the reason that the future interests created will not vest within a life or lives in being and twenty-one years thereafter. Appellant in his argument states that up until the holding in *Bigelow* v. *Cady*, 171 Ill. 229, the rule was announced by this court as follows: "A perpetuity is a limitation taking the subject thereof out of commerce for a longer period than a life or lives in being and twenty-one years beyond, and in case of a posthumous child, a few months more, allowing for the time of gestation," and that since that time we have announced the rule to be: "No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within a life or lives in being at the creation of the interest and twenty-one years thereafter," and argues that the latter statement of the rule is a modification of the former holdings of the court and requires the future interest to vest within the period of a life or lives in being and twenty-one years thereafter, and does not permit of the running of the full period before the vesting of the estate. Our holdings as to the definition and application of the rule against perpetuities have been uniform and consistent. It certainly has never been the intention to modify the rule as first laid down, and the holdings of this court will not bear such a construction. We have had occasion many times to state the rule. In the recent case of *Quinlan* v. *Wickman*, 233 Ill. 39, it was said: "The rule against perpetuities is thus stated: 'No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest.' 'No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.' " In *Armstrong* v. *Barber,*

239 Ill. 389, we held: "The rule as to perpetuities has been thus defined: 'No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest.' A perpetuity has been stated to be: 'Any limitation tending to take the subject of it out of commerce for a longer period than a life or lives in being and twenty-one years beyond, and in case of a posthumous child, a few months more, allowing for the term of gestation.' " In *Branson* v. *Bailey,* 246 Ill. 490, the rule was stated thus: "A perpetuity is a limitation taking the subject thereof out of commerce for a longer period than a life or lives in being and twenty-one years beyond, and in case of a posthumous child, a few months more, allowing for time of gestation." In *O'Hare* v. *Johnston,* 273 Ill. 458, the rule was stated in the precise language in which it was stated in *Quinlan* v. *Wickman, supra.* It will thus be seen that the court has never perceived the distinction pointed out by appellant. Under the rule the testator was permitted to select the last instant of the period prescribed for the vesting of the estate devised. This he did. Under the provisions of this will the title vests at the instant of the termination of the 21-year period. The provisions of the will do not violate the rule against perpetuities.

The contention that the will violates the act of 1907, restraining trusts and directions for accumulations in deeds and wills, is based upon the provision contained in paragraph 7 that after Silas B. Eichhorn shall arrive at the age of sixteen years the trustees shall use the income therein devised for his benefit to the extent that may be necessary for his support and for his education provided he attends a Catholic school, and that they shall furnish him, in addition to his necessary expenses, a reasonable additional sum for extras if prudently used by him. Other provisions of the will are to the same effect, notably the following in paragraph 17: "And it is my will, and I direct, that the sur-

plus that may accumulate from the income of Silas B. Eich-
horn shall be invested, in the discretion of the trustees, until
he becomes twenty-one years of age, and after that date,
if he shall enter into any honorable profession or business
and is carrying on the same, the accumulations shall be paid
to him to enable him to conduct and carry on such profes-
sion or business. In the event that he proves to be an
idler, pool-room or saloon loafer, no support shall be ex-
tended to him until he shall engage in some honorable busi-
ness." Conceding that these paragraphs of the will provide
for accumulations, this does not render them void. "It is
not the purpose of the statute to defeat the intention of a
testator as to who should be entitled to property under a
will but only to prevent indefinite accumulations of wealth.
It only limits the period of accumulation, and the produce
beyond that limit goes to the same person that would have
been entitled to it if the accumulation had not been directed.
The statute is a copy of the Thelluson act, (39 and 40
George III, chap. 98,) and under the English decisions a
trust for accumulation exceeding the limits of the statute
is void only as to the excess, provided the trust would have
been good before the act. (*Griffiths* v. *Vere,* 9 Ves. Jr.
127; *Longdon* v. *Simson,* 12 id. 295; *Elborne* v. *Goode,*
14 Sim. 164; *Mathews* v. *Keble,* 2 L. R. Ch. App. (vol. 3,)
691; *Frost* v. *Greatorex,* 2 L. R. Ch. Div. [1900] 541.)
This construction conforms to the language of the act,
which provides that the produce, so long as it is directed
to be accumulated contrary to the provisions of the act,
shall go to and be received by the person or persons who
would have been entitled to it in the absence of any direc-
tion for accumulation. Accordingly, even if there had been
an expressed direction for accumulation, the trust would
not be void as a whole." *French* v. *Calkins,* 252 Ill. 243.

These are the only questions raised which, if determined
favorably to appellant, would require the appointment of a
trustee to dispose of real estate under the residuary clause

277 – 29

of the will. It is sought to have the will construed in several other particulars, among them being whether there is a deficiency in the personal assets of the estate to pay the debts and money bequests, and if so, whether a resort should be had to the real estate to pay the bequests or the legacies should abate; and whether the widow, who has renounced the provisions made for her by the will and failed in an effort to have an ante-nuptial contract limiting her rights in the estate set aside, is entitled to the legacy bequeathed to her. These and other questions raised are all matters for the determination of the probate court during the course of the administration of the estate. Had appellant been able to show that under a proper construction of this will there was real estate not specifically devised and which fell into the residuary estate, he might then have asked for a construction of any portion of the will necessary to be construed in order to properly administer upon the estate. In that event a construction of the will in reference to matters not particularly pertaining to the trust estate might be had incidentally. A bill cannot be maintained, however, by an administrator with the will annexed for a construction of a will in reference solely to matters which are wholly within the jurisdiction of the probate court. To take cognizance of such matters a court of equity would, in effect, remove the administration of the estate from the probate court. Having found that under the provisions of this will none of the real estate falls into the residuary clause, the chancellor properly declined to construe the will on the other points raised by the bill and properly dismissed the bill for want of equity.

The decree of the circuit court is affirmed.

*Decree affirmed.*