(No. 12845.—Reversed and remanded.)
Theodore A. Matthews, Appellee, *vs.* James H. Andrews, Appellant.

*Opinion filed October 27, 1919—Rehearing denied Dec. 5, 1919.*

1. Wills—*when contingent remainder is created, fee descends to testator's heirs if not otherwise disposed of.* Where a contingent remainder is created by will and the fee is not otherwise disposed of, during the time until the happening of the contingency the fee descends to the testator's heirs and opens to let in the remainder when the contingency happens.

2. Same—*after devising contingent remainders, testator may devise the fee by residuary clause.* Where a testator has given his grandson and only heir a life estate in certain land and has created contingent remainders after said life estate, he may dispose of the fee by a residuary clause giving "the rest and residue" of his "lands or other estate" to his wife, and in such case the grandson has no reversion and his deed to a third person will not merge the life estate and the fee so as to destroy the contingent remainders. (*Kolb* v. *Landes,* 277 Ill. 440, explained.)

Appeal from the Circuit Court of Henry county; the Hon. Emery C. Graves, Judge, presiding.

James H. Andrews, *pro se.*

T. W. Hoopes, for appellee.

· Mr. Chief Justice Dunn delivered the opinion of the court:

This is another case of the attempted destruction of contingent remainders. It was a bill for the specific performance of a contract which set out the complainant's title to the land in controversy derived through the will of Simeon Matthews, who owned the land at the time of his death. The will was admitted to probate October 10, 1891, and after devising certain real estate to Minerva Matthews, the testator's wife, devised the quarter section of land in controversy to Theodore Augustus Matthews for life, "and

upon the death of the said Theodore Augustus Matthews leaving children or descendants, then in that case I give and devise the quarter section of land lastly described in this the third item to the child or children, or their descendants, of the said Theodore Augustus Matthews, and in the event that the said Theodore Augustus Matthews should die leaving no child or children or their descendants, in such case, after the death of said Theodore Augustus Matthews, I give and devise the said tract in this the third item named to Rhoda Eliza Elwell, my youngest sister, of Springfield, Massachusetts." The will devised certain other real estate, and its fifth clause is as follows: "I give all my personal estate, together with the rest and residue of my lands or other estate, unto my said wife, Minerva Matthews." Theodore Augustus Matthews was the grandson of the testator and his only heir. On December 9, 1918, he conveyed the land by quit-claim deed to Virginia L. Matthews, his wife, reciting the purpose to convey the life estate which the grantor had as devisee under the will of Simeon Matthews, and also the reversion, so that the life estate would merge in the reversion and be prematurely determined and the contingent remainders created by the will would be destroyed. On the same day Virginia L. Matthews re-conveyed the land to her husband by quit-claim deed, and he entered into a written agreement for the sale of it to James H. Andrews. Upon the tender of a conveyance by Matthews and his wife Andrews declined to accept it on the ground that Matthews did not have a merchantable title in fee simple. The answer of the defendant denied that the complainant had a merchantable title in fee simple. The cause was heard on the bill and answer, the court entered a decree of specific performance, and the defendant appealed.

It is the position of the appellee that the reversion descended to him as the sole heir of the testator, and that by the conveyance of both estates to his wife the life estate was merged in the fee and the contingent remainders were de-

stroyed. The appellant's claim is that the reversion in fee did not descend to the appellee, but that the fee, subject to the taking effect of the contingent remainders, was devised by the fifth clause of the will to the testator's wife, and that the deed from the appellee to his wife conveyed only the appellee's life estate. The only question in the case, therefore, is whether the residuary clause devised the fee subject to the happening of the contingency upon which one or the other of the contingent remainders would vest. The appellee contends that it is void for uncertainty. The testator in the same sentence gave all his personal property to his wife, therefore the appellee argues that "the rest and residue of my lands or other estate" does not apply to personal property but to lands or other real estate in the alternative,—that is, to lands or incorporeal hereditaments, being uncertain as to which is meant. There is no uncertainty, the intention being to give the residue, whatever its character may be. Where a contingent remainder is created by a will and the fee is not otherwise disposed of during the time until the happening of the contingency, such fee descends, in the meantime, to the testator's heirs, and when the contingency happens it opens to let in the remainder. (*Peterson* v. *Jackson,* 196 Ill. 40; *Harrison* v. *Weatherby,* 180 id. 418; *Bates* v. *Gillett,* 132 id. 287; *Bond* v. *Moore,* 236 id. 576; 4 Kent's Com. 257; Gray on Perpetuities, sec. 11.) This proposition is the foundation of the appellee's case, and he contends that the reversionary interest, being one which could not come into possession or enjoyment in the natural course of events, did not pass by the residuary clause but descended to the heirs. The contingency upon which the alternative contingent remainders following the life estate to the testator's grandson will vest,—that is, the life tenant's death with or without children surviving him,—will continue until the termination of the life estate. Pending that contingency the fee must rest either in the testator's heir by descent as a reversion, or in his devisee under the terms

of the will. After the creation of the contingent remainders there still remained the fee, which, if it were not devised by the will, would descend to the heir, who could convey it by deed. There is no reason why the testator could not as readily devise the same fee, and by the language of the residuary clause in his will he did so. There is no rule of law which prevented the devise of the fee after the contingent remainders, but under the Statute of Wills such interest may be disposed of by will, and the estate taken by the devisee will be the same as the heir or his grantee would have in the absence of a will.

We are referred to the case of *Craig* v. *Warner*, 5 Mackey, 468, where a residuary clause was held not to include a reversion pending the contingency upon the happening of which the remainders were limited. In that residuary clause there was a charge of debts upon the residue, and the court held that the residue consisted of that part of the estate thus charged, and since the property included in the particular estate upon which the contingent remainders depended was not included in the specific charge of the debts of the estate, the reversion also was not included in this specific charge and therefore did not constitute a part of the residue. It was also held that another clause of the will, which provided that if the remainder after the termination of the particular estate should never take effect the land should go to the testator's heirs, did not have the effect of giving the reversion to the devisees, because the devisees, being the testator's heirs, would take by the better title of inheritance, but that the attempt to devise the reversion explained the intention and scope of the residuary clause and showed that it was not the testator's intention that it should convey the reversion.

The case of *Kolb* v. *Landes*, 277 Ill. 440, is cited to sustain the position that the fee did not pass under the residuary devise. In that case the testator directed the payment of the rents from his real estate in trust for the benefit of

his grandson for life, then to his surviving child or children for twenty-one years, or, if there should be no surviving child, to the testator's children for twenty-one years, at the end of which time the fee in the lands should vest in the testator's brothers and sisters. There was no other disposition of the fee of the lands involved in this devise. The residuary clause was as follows: "I hereby direct that the remainder of my estate not otherwise provided for and that does not pass by this will shall be converted into money by my executor, and that such money, less the costs of administration, shall be equally divided between" the testator's son and daughter. The only trust imposed upon the executor by the will was that imposed by that part of the residuary clause above set out. The testator left real estate not otherwise provided for in his will 'as a part of his residuary estate. A bill was filed for the construction of the will. It was held that during the continuance of the trust for the life of the testator's grandson, and for twenty-one years after his death, the testator did not part with the fee of the lands devised but that the bare fee remained in his heirs-at-law. It was held that the fee in this land did not fall into the residuum, to be converted into money by the executor and divided between the testator's son and daughter under the residuary clause. The reason was, not that the fee was not transmissible by will, but because the residuary devise was to the executor to convert into money, and it was clear that the testator did not intend that his executor should take the naked fee of this land, which was not a beneficial estate and had no market value, and convert it into money for the use of the testator's son and daughter. In this case, also, the naked fee devised to the testator's widow has no market value, but the devise is not for the purpose of converting it into money, and there is nothing in the circumstances of the devise to limit the natural meaning of the words or to exclude the fee from the expression, "rest and residue of my lands or other estate," which words by their

natural meaning include the fee. The fee during the existence of the particular estate was devised to Minerva Matthews, and Theodore Augustus Matthews only has a life estate in the land.

The decree of the circuit court is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*