(No. 13620.—Decree affirmed.)

GEORGE M. BRINKERHOFF, JR., Appellee, vs. THOMAS R. BUTLER, Appellant.

*Opinion filed February 15, 1921.*

1. WILLS—*contingent remainder may be destroyed by merger.* A contingent remainder created by will is destroyed, under the law of merger, when the life tenant and the reversioners join in conveying their respective interests to a third person. (*Bond v. Moore,* 236 Ill. 576, adhered to.)

2. SAME—*when reversion in fee does not pass under residuary clause.* Where land is specifically disposed of in a particular clause of a will by creating a life estate and a contingent interest without disposing of the reversion in fee, the reversion is in the heirs and will not pass under a general residuary clause giving the trustees power to dispose of all the residue of·the testator's estate. (*Kolb v. Landes,* 277 Ill. 440, followed.)

3. SAME—*when remainder in fee vests immediately upon birth of issue.* Under a devise to the testator's grandson and "to the heirs of his body begotten, * * * and in case of his death without heirs of his body begotten" then to the testator's heirs-at-law, the grandson takes a life estate under section 6 of the Conveyances act, and if issue is born to him the remainder in fee will vest immediately in such issue and the limitation over to the testator's heirs will be defeated.

4. SAME—*when limitation over to testator's heirs is not an executory devise.* A devise to the testator's grandson and "to the heirs of his body begotten, * * * and in case of his death without heirs of his body begotten" then to the testator's heirs-at-law, does not create an executory devise to said heirs-at-law after the termination of the life estate which the grandson has under section 6 of the Conveyances act, but the limitation over is contingent on the grandson ever having issue born to him, and will be destroyed by merger where the life tenant and the heirs-at-law join in a conveyance to a third party. (*Hickox v. Klaholt,* 291 Ill. 544, distinguished.)

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

BARBER & BARBER, for appellant.

ALONZO HOFF, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree granting the relief prayed in a bill for the specific performance of a written agreement for the sale and conveyance of real estate. Appellee, as vendor, entered into a written contract to convey to appellant certain land which appellant agreed to accept and pay a certain consideration for if appellee furnished an abstract showing merchantable title in him. Appellant declined to accept the conveyance tendered by appellee and pay the agreed consideration on the ground that the abstract showed appellee did not have merchantable title, whereupon the bill in this case was filed, resulting in a decree that appellant perform his agreement.

The only question raised by this appeal is whether appellee had good title to the land. The land involved belonged to J. Taylor Smith, who died testate January 25, 1892, leaving Frederick E. Smith, a son, and Jessie Taylor Brown, a daughter, his only heirs-at-law. Whether the appellee had a good title to the land involved in this litigation depends upon the construction of the will of J. Taylor Smith, particularly paragraph 5 of the will, which is as follows:

"*Fifth*—I give and devise to my grandson, Vincent Smith, and to the heirs of his body begotten, subject to the right of Frederick E. Smith, his father, to the rents, issues and profits thereof until said Vincent Smith shall attain his majority, as hereinafter set forth, the following real estate, to-wit, \* \* \* and in case of his death without heirs of his body begotten, then the estate in this item shall descend to my heirs-at-law according to the laws of descent of the State of Illinois."

Frederick E. Smith died intestate in January, 1904. We do not find from the record when Vincent became of age, but it is said in the briefs of both parties he became of age more than fifteen years ago. He is married but no child has ever been born to him. On the 24th of May, 1920,

296—24

Vincent Smith and wife and Jessie Taylor Brown and husband conveyed the land by warranty deed to appellee. The deed recited: "The grantors being without heirs of their bodies, respectively, it is their intention to hereby convey to the grantee their respective life estates and also the reversion in fee in said premises, so that said life estates will merge in the fee and be prematurely terminated and all contingent interests be destroyed and the grantee be at once invested with a legal estate in fee simple to all of said premises."

Appellant says three questions are involved: "First, whether prior to the birth of issue the contingent remainder under section 6 of the Conveyance act was destroyed by merger of the life estate with the reversion in fee; second, whether pending the birth of issue the reversion in fee descends to the heirs-at-law as intestate property or passes to the residuary devisees; and third, whether the ultimate devise to the testator's heirs-at-law in case of the death of Vincent Smith without heirs of the body begotten creates an indestructible executory devise,"—and it is argued that unless all three questions are decided in favor of appellee his title is not merchantable.

It is not denied that the devise to the heirs of the body of Vincent Smith was a contingent remainder and that it has been decided by this court that a contingent remainder may be destroyed by merging the life estate with the reversion in fee. This was decided in *Bond* v. *Moore,* 236 Ill. 576, and has been adhered to in all the cases involving that question since that decision. We deem it unnecessary to refer to them. As·we understand appellant's brief, counsel raise the first question because they claim the cases holding contingent remainders are destructible are contrary to the decision in *Frazer* v. *Supervisors of Peoria County,* 74 Ill. 282, which is not expressly overruled. In *Bond* v. *Moore, supra,* the court referred to and commented at length upon the *Frazer case* and held it had nothing to do

with the general question of the destruction of contingent remainders. The remainders held indestructible in the *Frazer case* were created by deed, and if the decision on that question is not distinguishable it was necessarily overruled by *Bond* v. *Moore* and the numerous subsequent cases. The destructibility of contingent remainders must now be regarded as a firmly established rule of law in this State.

The second question raised is, whether before the birth of issue to Vincent Smith the reversion in fee descended to the heirs-at-law of the testator or passed to the trustees under the residuary clause. By the residuary clause the testator devised to three persons named as trustees, "all the rest and residue of my estate, real and personal, in trust for the following uses and purposes." . Then followed di-. rections to the trustees to take possession of the real estate, rent the same, and directions what to do with the income, also directions to sell and convey it at any time they deemed it for the best interests of the estate and to re-invest the proceeds of sale as they deemed best, and at the end of twenty years the trustees were to distribute the trust estate. The second point was decided contrary to appellant's contention in *Kolb* v. *Landes,* 277 Ill. 440. The testator specifically disposed of the land here in controversy and other lands by the fifth paragraph of the will, and as said in *Kolb* v. *Landes, supra,* it is clear he did not intend it to pass under the residuary clause to the trustees to be disposed of by them.

The only other question presented is whether the limitation over to the testator's heirs in the event of the death of the life tenant without having had heirs of his body born to him was a contingent remainder or an executory devise and indestructible. The meaning and effect of the will was to give the remainder in fee to the heirs of the body of the life tenant should any such person or persons come into being. If issue was born to the life tenant during the existence of the life estate the fee would at once

vest in such issue, the limitation over to the testator's heirs would be defeated and no interest could ever pass under it to the testator's heirs. (*Winchell* v. *Winchell,* 259 Ill. 471.) To provide for the contingency of no heirs of the body of the life tenant ever being born to him, the fee in that event was to go to the testator's heirs. If it was the devise of a remainder it was an alternative remainder, to take effect only in case the prior remainder never vested. *Hickox* v. *Klaholt,* 291 Ill. 544, is referred to by appellant. In that case the life tenant had three children, in whom the fee vested in interest but would not vest in possession until the termination of the life estate. The will made further provision as to whom the fee should go in the event of the life tenant dying "without leaving" heirs of her body surviving her. By the will construed in that case, as we have said, the fee vested in interest in the issue of the life tenant when born, but by another provision if no issue survived the life tenant the fee was given to others, and that was held to be an executory devise. That will is unlike the will here under consideration, for the testator made no limitation over in the event of issue being born to the life tenant and dying before his death. By the will here involved, if issue was born to the life tenant the fee vested in interest in such issue and the limitation was not intended to and could not take effect. In other words, the remainder in fee was devised to the bodily heirs of the life tenant if any were born, but if he died without ever having had issue in whom the fee could vest, then over to the testator's heirs. The limitation over to the testator's heirs was not an executory devise. It was either a contingent remainder or void, because the devise gave the same estate to his heirs which they would have taken by descent. (*Kellett* v. *Shepard,* 139 Ill. 433; *Akers* v. *Clark,* 184 id. 136; *Darst* v. *Swearingen,* 224 id. 229.) In either event appellee's title would not be affected, for the testator's two children, who were his only heirs-at-law at the time of his death, have

conveyed all their interest by warranty deed to appellee. In *Kellett* v. *Shepard, supra,* it was held the word "heirs" or "heirs-at-law" in the will designated those persons who answered the description at the death of the testator. Here, whether the heirs-at-law would take the reversion in fee by descent or by way of contingent remainder, their interest was terminated by the conveyance to appellee and his title was properly held to be merchantable.

The decree is affirmed.

*Decree affirmed.*